I believe Shepherd's workmen's compensation claim is barred by the two-year statute of limitations, Ala. Code 1975, §25-5-80; therefore, I respectfully dissent.
The majority's opinion changes the law regarding the statute of limitations in workmen's compensation cases, which is the function of the Legislature and not this court. Section 25-5-80
provides, in pertinent part:
 "In case of a personal injury not involving cumulative physical stress, all claims for compensation under this article shall be forever barred unless within two years after the accident the parties shall have agreed upon the compensation payable under this article or unless within two years after the accident one of the parties shall have filed a verified complaint as provided in § 25-8-88. In cases involving personal injury due to cumulative physical stress, compensation under this article shall be forever barred unless within two years after the date of the injury one of the parties shall have filed a verified complaint as provided in § 25-8-88."
In its opinion, the majority says that until Shepherd lost time from work and American Cyanamid failed to pay him compensation benefits, there was no basis for a claim. Therefore, the majority says, the statutory limitations period did not begin running until Shepherd lost time from work and American Cyanamid refused to pay compensation for that time. The majority ignores the law as passed by the Alabama Legislature, as well as the case law cited in its opinion, by which the limitations period begins running from the time of the injury, not from the date the employee takes steps to heal that injury.
In reaching its holding, the majority relies heavily upon this court's decision in Gattis v. NTN-Bower Corp.,627 So.2d 437 (Ala.Civ.App. 1993). In that case, however, this court did not rewrite the law to say that the limitations period begins to run at some time other than the time of the accident or injury; rather, this court recognized that in cases of a latent injury, or when an accident or injury occurs over time, the date of the injury for statute of limitations purposes would be the last day the employee was exposed to whatever was causing the injury.
Moreover, in the rule put forth by Professor Larson and apparently adopted by majority in this case, the limitations period should begin running when the claimant, "as a reasonable person, should recognize the nature, seriousness, and compensable character of his injury or disease." Professor Larson, and the majority, add that the statute should be suspended "until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained."
This seems to contradict the majority's holding in this case that the statutory limitations period began to run when Shepherd lost time from work following his surgery to heal his injury and when American Cyanamid refused to pay him compensation benefits. Moreover, the majority's holding seems to *Page 30 
involve several different dates from which to begin the running of the limitations period. Should the statutory limitations period run from when Shepherd lost time from work? If so, should it run from the first day he missed work, the last day he missed work, or some time in between? Or should the limitations period begin running from the date American Cyanamid refused to pay compensation benefits?
Further, even under Professor Larson's rule, I believe the statutory limitations period ended before Shepherd sued. The record shows that in June 1984, Shepherd injured his hand in a work-related accident. Six years later, in 1990, Shepherd's hand injury "flared up." In February 1991, he went to Dr. Ben Freeman for treatment, saying the scar on his hand was painful and was draining. Dr. Freeman's impression was that Shepherd had "a chronic abscess possibly due to a foreign body in the area of the wound." He recommended first treating the area with antibiotics, then trying surgery if the antibiotics were unsuccessful. Dr. Freeman said he placed no restrictions on Shepherd's activity at that time.
Shepherd did not go back to the doctor until April 1993, some two years after his initial visit seeking treatment for the scar. In April 1993, Shepherd had surgery to excise the scar on his hand. American Cyanamid paid for the surgery. Shepherd did not go to work for eight and one-half weeks following the surgery. American Cyanamid did not pay workmen's compensation benefits for those eight and one-half weeks, so in May 1993, Shepherd sued to recover those benefits.
Clearly, Shepherd had an accident in 1984 that would have started the running of the statutory limitations period. But even if we characterized the problems Shepherd had with his scar as a latent injury, under a latent injury analysis the latest the limitations period should have begun running was February 5, 1991, when Shepherd saw Dr. Freeman. At that time, Shepherd was aware, not only that he had an injury severe enough to require medical care, but that he possibly had a foreign body in the scar and that if antibiotics did not help, surgery would be required. Under Larson's rule, a reasonable person would have known no later than February 5, 1991, that a compensable injury had been sustained.
A review of the record shows that Shepherd apparently did not return to the doctor until April 1993, some 26 months after his February 5, 1991 visit. In April 1993, he requested surgery to excise the scar that had been bothering him since at least 1990, and which he had known since at least February 1991, might contain a foreign body. At the very latest, the limitations period in this case would have expired on February 5, 1993; Shepherd did not file his complaint until May 28, 1993.
I believe the trial court erred by denying American Cyanamid's motion to dismiss pursuant to Rule 41(b), Ala.R.Civ.P., based on the statute of limitations. Therefore, I would reverse the judgment of the trial court.